FREDERICK E. SNOW & others, trustees, *vs.* ALICE C. BALTZELL & others.

Norfolk.  March 24, 25, 1926. — May 27, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Trust,* Construction of instrument creating trust, Accounting by trustee. *Waiver.*

A testator at the time of his death owned a large residential estate which required an annual expenditure of $25,000 for repairs. By the provisions of his will and of a compromise agreement adopted with the

consent of the court, trustees, while that estate was in their possession, were to pay taxes and insurance and keep it in the same condition in which the testator had kept it during his life, and they were authorized and directed, whenever the widow of the testator ceased to occupy it, to convey it with the consent of the testator's "other living children" to either or both of his sons, at a price satisfactory to the widow, if living, and the other living children, the "sum paid" to be "treated as an advancement." After the death of the widow, a daughter desired the property and the trustees, with the consent of the children of the testator, conveyed the property to one of the sons, who also was a trustee, and he conveyed it to that daughter, who paid him $50,000, the trustees receiving no money for the property. For a period of twelve years thereafter that son paid the trustees $2,000 annually and in their accounts they acknowledged receipt of that amount from him as "Advancement — . . . [naming the son] . . . interest 4%, account of sale of estate he would be entitled to dispose of in said final distribution of estate . . . ." The son not only joined with the other trustees in these accounts, but assented to their allowance as a beneficiary; and they were allowed by the court. Later he resigned as a trustee, refused to make further payments of that character, and petitioned for a reopening of the accounts already allowed so far as they related to those items. Other beneficiaries contended that the trustees should be charged for the annual payments which had not been collected since the son's resignation as trustee. *Held,* that

(1) The accounts showing receipts of the items paid by the son properly were allowed and should not be reopened;

(2) In the circumstances, it would be inequitable to charge the son with further interest and the trustees should not be charged with interest which they had not collected.

Under provisions of the agreement of compromise above described, that on the death of the widow distribution should be made of the residue among living children of the testator and the executor of the will of any deceased child, it was *held,* that $50,000 should be treated as a part of the whole estate to be distributed.

Instructions asked by the trustees under a will to determine to whom they should pay compensation of a trustee, not yet awarded by a decree of the Probate Court, whether to him or to an assignee from him, were refused, it not yet being determined whether any such compensation would be allowed.

PETITIONS, filed in the Probate Court for the county of Norfolk for the allowance of accounts of the trustees under the will of Benjamin P. Cheney, late of Dover, for the benefit of his widow, Elizabeth S. Cheney and others, the accounts being numbered twenty to twenty-six, inclusive.

PETITIONS by the trustees under the same will for the benefit of Benjamin P. Cheney and others for the allowance of their accounts numbered seven to thirteen, inclusive.

PETITION by Benjamin P. Cheney for the reopening of accounts numbered ten to nineteen, inclusive, filed by the trustees for the benefit of Elizabeth S. Cheney and others.

PETITION by the trustees for the benefit of Elizabeth S. Cheney and others for instructions.

The petitions were heard in the Probate Court by *Mc-Coole*, J., a stenographer being appointed under G. L. c. 215, § 18, and certain facts being agreed upon by the parties.

Benjamin P. Cheney died in 1895, leaving a widow, Elizabeth S. Cheney, and five children, Alice Cheney Baltzell, Mary Cheney Davis, Elizabeth Cheney Kaufman, Benjamin P. Cheney, and Charles P. Cheney. His will was admitted to probate in Norfolk County subject to an agreement of compromise. Questions arising under this will and compromise agreement were before this court and decisions were rendered as reported in *Woodard* v. *Snow*, 233 Mass. 267, and *Forbes* v. *Snow*, 239 Mass. 138.

Charles P. Cheney died in 1897. His widow, now Mary L. C. Schofield, is the executrix of his will. Some time prior to 1910, she requested the trustees to pay over to her such part of the trust as she then was entitled to receive. Pursuant to a decree of instructions by the Probate Court, the trustees retained such securities in the original trust as they deemed necessary to secure the annuities payable to Elizabeth S. Cheney and certain others. Of the remaining securities, one fifth was delivered to Mrs. Schofield as executrix, and the remainder was held in a separate trust, the entire income of which was payable equally to the four remaining children. The so called advancement of $50,000 was carried by the trustees as one of the assets of the original trust for the benefit of Elizabeth S. Cheney and others.

The agreement of compromise provided that the residue of the estate be held in trust with the payment of an annuity of $60,000 per year to the widow during her life, and that, after the payment of certain other annuities, the balance of the net income be divided equally among the children of the testator with a provision that, upon the death of any child, "the trustees shall pay and deliver a share of the principal of said residue held by them and not needed for carrying out any

provisions of this trust remaining unfulfilled, . . . which share shall be proportioned to the number of said children, including in the enumeration for the purpose of establishing such proportion such child so dying . . . to the executor or executors of such deceased child to be disposed of as provided in his or her will, or, if such child shall die intestate, to his or her legal representatives to pass or be distributed under the Statutes of descent and distribution then in force in this Commonwealth," with a further provision for an additional distribution of the amount retained for the payment of annuities when no longer needed.

Material facts as to the accounts in question, agreed upon by the parties, were as follows:

In the accounts ten to nineteen, inclusive, of the trustees for the benefit of Elizabeth S. Cheney and others, covering the accounting period from November 4, 1905, to November 3, 1914, inclusive, the trustees accounted for $18,000 as income which was paid to them by Benjamin P. Cheney as interest at four per cent on $50,000, advancement, which was carried in Schedule C as follows:

"Advancement — Benjamin P. Cheney, November 9, 1904, interest 4%, account of sale of estate he would be entitled to dispose of in said final distribution of estate — see paragraph 4, clause 5 of will, $50,000."

During this period the entire net income of the trust after payment of annuities provided in the will was equally distributed between Benjamin P. Cheney and the four other children of the testator or their legal representatives, so that Benjamin P. Cheney received one-fifth part of the remainder of such net income. These accounts were allowed with the consent of Benjamin P. Cheney by decree of the Probate Court on July 28, 1915.

In the accounts, twenty to twenty-six inclusive, of the trustees for the benefit of Elizabeth S. Cheney and others for the period from November 4, 1914, to November 3, 1921, the trustees accounted for $6,000 as income received by them up to November 3, 1917, for interest on the above described advancement to November 9, 1916. The accounts for the remainder of the period to November 3, 1921, show no

interest received from Benjamin P. Cheney on account of said advancement. During this period the net income of the trust after payment of annuities provided in the will was distributed equally among Benjamin P. Cheney and the four other children of the testator or their legal representatives so that Benjamin P. Cheney or his assignees or legal representatives received one-fifth part of the remainder of such net income, except a balance of $16,414.92, held by the trustees at the close of the twenty-sixth account for the account of Benjamin P. Cheney.

The amount of the above described advancement was increased to $50,600 on June 1, 1916.

The accounts, twenty to twenty-three, inclusive, showed compensation charged on account of the services of Benjamin P. Cheney as one of the trustees beginning with the payment November 3, 1915, and including the period to the date of his resignation, April 21, 1918, in the amount of $9,211.87, being the same compensation as that charged by the other trustees during said period. The amount of such compensation is stated in the accounts to have been paid over to the trustees for the time being as assignees of Benjamin P. Cheney in accordance with the assignment of Benjamin P. Cheney on file with the trustees.

The accounts, seven to ten, inclusive, of the trustees for the benefit of Benjamin P. Cheney, Alice Cheney Baltzell, Mary Cheney Davis and Elizabeth Cheney Kaufman, covering the period from November 4, 1914, to November 3, 1918, show compensation charged on account of the services of Benjamin P. Cheney as one of the trustees beginning with the payment November 3, 1915, to the date of his resignation, April 21, 1918, in the amount of $7,856.35, being the same amount charged by the other trustees during said period. The amount of such compensation appears by the accounts to have been paid over to the trustees for the time being as assignees of Benjamin P. Cheney in accordance with the assignment of Benjamin P. Cheney on file with the trustees.

Other material facts are described in the opinion. The petitions were reserved and reported by the judge for determination by this court.

*R. H. Holt,* (*R. H. Hopkins* with him,) for the trustees.

*J. G. Palfrey,* for Mary Cheney Davis.

*H. S. Davis,* for Alice C. Baltzell and Mary L. C. Schofield.

*W. H. Hitchcock,* for Henry A. Wyman.

*W. D. Turner,* for Benjamin P. Cheney.

*P. M. Hubbard,* guardian *ad litem, pro se.*

CARROLL, J. This case is before us on a report by the judge of probate. There is also a petition of Benjamin P. Cheney to open certain accounts, and a petition for instructions by the trustees. One of the questions for decision is, whether the trustees under the will of Benjamin P. Cheney were authorized to charge against his son (the petitioner Benjamin P. Cheney) $2,000 per annum as interest because of the conveyance to him by the trustees of the testator's residential estate, referred to in the will.

The judge of probate found that the testator died in 1895; that a decree was entered, allowing his will subject to the terms of a compromise agreement entered into by the parties; that Benjamin P. was a beneficiary and also a trustee under the will until he resigned in 1918; and that the testator owned a residence in Dover; that by the compromise agreement the trustees were authorized and directed, whenever the widow of the testator ceased to occupy said estate, with the consent of his "other living children" to convey this estate to either or both of his sons, "at a price satisfactory to my said wife, if living, and my other children then living, and the sum paid shall be treated as an advancement to which said son or sons would be entitled to dispose of in said final distribution of my estate"; that in 1904 the widow ceased to occupy the estate, and as one of the daughters, (Mrs. Baltzell) wished to purchase it, with the consent of all parties the trustees conveyed the estate to Benjamin P., who at that time was the only surviving son, for the agreed price of $50,000, and he conveyed it the same day to Mrs. Baltzell, receiving from her $50,000; that "The trustees never received any money for the conveyance"; and that from December, 1904, to November, 1916, said Benjamin P. Cheney annually paid to the trustees the sum of $2,000 as interest on the $50,000. The judge further found that in the event of the conveyance

of the property to either of the sons, it was to be treated as an advancement; that the will contained no provision that interest should be charged. He also found that interest was wrongly exacted, and that the account should be allowed as if no interest had been collected; this was one of the questions reported.

The first question has reference to the accounts of the trustees, which show the receipt by them each year of the sum of $2,000 until November, 1916, as interest on the so-called advancement to Benjamin P. Cheney, the testator's son. He was during this time one of the three trustees of his father's will. As one of the trustees he was one of the accountants, and assented to the charge. He made no objection during this time to the payment at the rate of $2,000 a year for the money received from the sale of the estate. During these years from 1904 to 1916 the interest was treated by all the parties, including the son, as a proper expense. These facts bring this part of the case within *Southard* v. *Southard*, 210 Mass. 347, 359. To the same effect is *Amory* v. *Lowell*, 104 Mass. 265, 272, 273. As the trustees have collected this money apparently with the approval and consent of everybody concerned, and it was voluntarily paid by the son, they are chargeable therewith and the accounts should be allowed, charging them with the receipt of interest.

*Reggio* v. *Warren*, 207 Mass. 525, was a suit in equity. It is not, in our opinion, applicable to the case at bar.

All the accounts showing that the interest has been received by the trustees are to be allowed. The petition of Benjamin P. Cheney to open these accounts is denied.

The next question is whether the trustees should be charged with interest when in fact there has been no collection of interest, Benjamin P. Cheney having paid no interest since November, 1916, when he refused to make further payments. The judge of probate correctly ruled that the trustees were not chargeable with interest since November, 1916. The Dover estate conveyed to Mrs. Baltzell was known as the residential trust. The trustees, while it was in their possession, were to pay taxes and insurance and keep it in the same

condition "as I have kept . . . [it] during my life." It was a large estate in the town of Dover, extending to Wellesley and Natick. It would appear that to keep it in repair involved constant expenditure approximating $25,000 a year. By the sale of this property, the trust for the benefit of the widow and children was relieved of this expense. No decrease whatever was made in the incomes of the beneficiaries by the payment of this $50,000. It was not strictly an advancement, and even if it were in the nature of such, the testator gave no directions for charging interest thereon. In fact, Benjamin P. Cheney received no money from the estate. It was his sister, Mrs. Baltzell, who paid him the $50,000. In these circumstances, it would be inequitable to charge him with interest and we know of no sound reason which requires that the trustees should be charged with it. The trustees are not to be charged with interest which they failed to collect. The accounts numbered twenty-three to twenty-six are to be allowed without such charge. Inasmuch as what we have said covers the question of the allowance of the accounts and the question of charging interest against Benjamin P. Cheney, the petition for instructions bearing on these questions is denied.

There remains the petition with reference to the payment to the executrix of the will of Charles P. Cheney. Under the original trust, Mrs. Elizabeth S. Cheney having died, the share determined as belonging to Mrs. Schofield, his executrix, should now be paid to her. The $50,000 paid for the Dover estate and the $600 for another tract of land should be added to the property in the hands of the trustees; that is, the so called advancement should be taken into account in determining the amount to be paid Mrs. Schofield as the representative of the estate of Charles P. Cheney, and the share due her under the will be paid forthwith.

The trustees also ask to be instructed whether the proceeds of commissions of Benjamin P. Cheney, as trustee, should be paid to him or to his assignee. We understand this request relates to commissions not decreed by the Probate Court. If this is so, it may be that no commissions may be allowed. We must therefore decline to instruct the trustees

as to whether these commissions, if allowed, are payable to Cheney or his assignee. Even if it were found that commissions had been earned, we express no opinion on the question whether the trustees should be instructed to whom the commissions should be paid.

On the petition for instructions as to the time of distribution of the share of Charles P. Cheney, deceased, costs, as between solicitor and client, are to be in the discretion of the judge of probate.

*Decree accordingly.*